United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALBERT W. YOUNGER,** | Case No.: 13-cv-1679 YGR |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE MOTION FOR ATTORNEY FEES** |
| v. | |
| **MICHAEL & ASSOCIATES, P.C., LINA M. MICHAEL,** | |
| Defendants. | |

Presently before the Court is Plaintiff's fully-briefed motion for attorney fees. (Dkt. Nos. 39 ("Motion"), 41 ("Opposition"), 42 ("Reply").) On January 24, 2014, the Court took the Motion under submission without oral argument. (Dkt. No. 44.) For the reasons set forth below, the Court now **DENIES** the Motion without prejudice to later refiling, after the parties have met and conferred pursuant to the requirements of Civil Local Rule 54-5. The parties are **ORDERED** to comply with Rule 54-5 prior to any renewed attorney fee motion.

Paragraph (a) of Rule 54-5 provides, in pertinent part: "Counsel for the respective parties *must* meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees." Civ. L.R. 54-5(a) (emphasis supplied). Paragraph (b) provides, in pertinent part: "Unless otherwise ordered, the motion for attorney fees *must* be supported by declarations or affidavits containing the following information: [¶] A statement that counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reason the conference was not held[.]" Civ. L.R. 54-5(b)(1) (emphasis supplied).

Here, Defendants contend that Plaintiff "never even attempted" to meet and confer before filing the Motion. Defendants claim that this failure "constitutes bad-faith negotiating" and argue that the remedy for Plaintiff's failure is to deny his request for any attorney fees "spent by counsel on this motion for attorney's fees." (Opposition at 7-8.) Plaintiff concedes his failure to initiate the meet-and-confer process but attempts to shift responsibility, observing, inappositely, that "meeting and conferring is a two-way street." (Reply at 11.)

Plaintiff is incorrect. Rule 54-5(b)(1) places the responsibility for initiating the meet-and-confer process squarely upon the shoulders of "the applying attorney," that is, the attorney seeking a fee award. The Rule requires, at a minimum, that the applying attorney attempt to initiate a meet and confer process and, if his adversary refuses to participate, to explain why. The reason for the rule is obvious: by meeting and conferring on the issue of attorney fees once merits issues have been disposed, the parties may resolve fee disputes cheaply and quickly, without resort to additional motion practice wherein fees are the tail wagging the dog. In this case, Plaintiff's failure to initiate the meet-and-confer process defeated the purpose of the Rule.

However, the Court disagrees with Defendant that the remedy for Plaintiff's violation of the Rule is to deny Plaintiff recovery of any fees incurred as a result of his attorney fee motion. That position finds no support in the text of Rule 54-5 or in the policy behind it. As to the text of the Rule, Defendant's proposed remedy would read out its mandatory language. Under paragraph (a), parties moving for attorney fees "must" meet and confer, and, under paragraph (b), "must" certify they have met and conferred or proffer explanation why they did not. This mandatory language is not reconcilable with Defendant's proposed remedy, which would effect a waiver of the meet-and-confer requirement and, in essence, license a party to bring a motion for attorney fees in contravention of the Rule whenever the party supposed that the cost of meeting and conferring would be greater than the cost of bringing the motion without having met and conferred. Defendant's reading, then, risks supplying a perverse incentive to flout the Rule. In that way, Defendant's proposed remedy risks undercutting the very policy that the Rule seeks to vindicate.

The appropriate remedy, consistent with both the text and policy of the Rule, is to deny Plaintiff's motion for attorney fees without prejudice to bringing a later motion, if necessary, after

2

Plaintiff has initiated the meet and confer process pursuant to Rule 54-5. This remedy gives effect to the Rule's mandatory language by requiring the parties to meet and confer, as provided by paragraph (a), and by requiring the applying attorney—here, Plaintiff's counsel—to initiate a meet-and-confer process, as provided by paragraph (b). The Court is not at liberty to disregard mandatory language in its own local rules unless the only sensible course of action is to look past the requirements of the rule. *See In re Corrinet*, 645 F.3d 1141, 1146 (9th Cir. 2011) ("District judges must adhere to their court's local rules, which have the force of federal law."); *Alliance of Nonprofits for Ins., Risk Retention Grp. v. Kipper*, 712 F.3d 1316, 1327 (9th Cir. 2013) ("A departure [from a court's local rules] is justified only if the effect is so slight and unimportant that the sensible treatment is to overlook it." (internal quotation marks and brackets omitted)). Here, the Court cannot say that disregarding the procedures set forth in Rule 54-5 is the only sensible option. On the contrary, doing so would subvert the worthwhile policy embodied by the Rule.

Accordingly, the Court **DENIES** Plaintiff's Motion without prejudice. Plaintiff may bring a renewed motion no later than 14 days after the signature date of this Order, provided any renewed motion is compliant with Rule 54-5.

This Order terminates Docket No. 39.

**IT IS SO ORDERED.**

Dated: February 26, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**