**MICHAEL & ASSOCIATES, PC**
Lisa D. Dubowski, Esq.: (SBN: 237003)
lisa.dubowski@michaellegalgroup.com
Christina L. Rymsza, Esq.: (SBN:233631)
Christina.rymsza@michaellegalgroup.com
555 St. Charles Drive, Suite 204
Thousand Oaks, California 91360
Telephone: (805) 379-8505
Facsimile: (805) 728-6266

Attorneys for Defendants,
Michael & Associates, PC, and Lina M. Michael, an individual

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ALBERT W. YOUNGER,<br><br>Plaintiff,<br>vs.<br><br>MICHAEL & ASSOCIATES, PC; and LINA M. MICHAEL individually and in her official capacity,<br><br>Defendants. | CASE NO.4:13-CV-13-01679 YGR<br><br>and the following related case:<br>4:13-CV-01680-YGR<br><br>**DEFENDANTS EVIDENTIARY OBJECTIONS TO THE EXPERT DECLARATION OF RONALD WILCOX**<br><br>DATE: April 22, 2014<br>TIME: 2:00 p.m.<br>COURTROOM: 5, 2nd Floor<br>JUDGE: Honorable Yvonne Gonzalez Rogers |

**Summary of Objection**

Defendants Michael & Associates, PC and Lina M. Michael object to the consideration of any testimony submitted by Ronald Wilcox as an expert on attorney's fees. His Declaration should be considered inadmissible hearsay because: 1) he has not established that he is an "expert" under Federal Rules of Evidence 702 and 2) his opinions are based on an unreliable methodology.

**Ronald Wilcox Has Failed to Establish that He Qualifies As an Expert**

Federal Rules of Evidence 702 governs the admissibility of expert testimony. Pursuant to F.R.E. 702, a witness qualified as an expert in "scientific" knowledge may testify thereto if: (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods: and (3) the witness has applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The trial court acts as gatekeeper to the admission of expert scientific testimony under F.R.E. 702. *Daubert v. Merrel Dow Pharms, Inc*., 509 U.S. 579,592-93, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Under *Daubert*, the court must conduct a preliminary assessment to "ensure that any and all scientific testimony or evidence admitted is not only relevant but reliable." *Id* at 589. This two-step assessment requires consideration of whether (1) the reasoning or methodology underlying the testimony is scientifically valid; and (2) whether the reasoning or methodology properly can be applied to the facts in issue (the relevancy prong). *Id* at 592-93; *Kennedy v. Collagen Corp.*, 161 F. 3d 1226, 1228 (9th Cir. 1998). Reliable testimony must be grounded in the methods and procedures of science and signify something beyond "subjective belief or unsupported speculation."

Here, Ronald Wilcox fails to establish that he has the relevant expertise to offer a reliable opinion about the hourly rates for FDCPA attorneys in this District. In his Declaration, he discusses his qualifications as a practicing attorney who has more than 18 years of experience working for legal clinics, in-house counsel, interning for a magistrate judge, or private practice. He also states that he has published several articles and is admitted to practice in the Northern and Eastern District California Federal courts. What his Declaration fails to state is that he has been regarded "as an expert" on attorney's fees in courts in this District. That is because his entire declaration is based on his own personal experiences as an attorney and what he has been awarded in the past, and not the standard for a declaration which is the reasonableness of the rate

requested by Mr. Schwinn compared to the rates actually paid in such cases in this District. *See James v. Septa*, No. Civ. A 93-CV-5538, 1997 WL 698035 (E.D. Pa. Nov. 4, 1997). A reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys."

**Ronald Wilcox's Declaration Should Be Considered Inadmissible Because it is Based on Flawed Scientific Methodology.**

Ronald Wilcox claims in his Declaration that his current hourly rate is $500, but he fails to cite any case where he has been awarded that fee. Instead, he cites a case where he was awarded attorney's fees in the amount of $400 per hour. That case differs from the one at hand for two reasons, and the fees awarded should be disregarded by this court as irrelevant. First, that case involved two collection law firm defendants, a year's worth of litigation, and damages in the amount of $50,000 for numerous violations of the FDCPA and RFDCPA. Second, the court that decided that attorney's fee motion was located in San Francisco, which is one of the most expensive communities in the San Francisco Bay area. Thus, the attorney's fees awarded in that case have no relevance to fees earned by other attorneys representing debtors in non-complex FDCPA cases in Oakland, California. *See Garcia v. Resurgent Capital Services, L.P.*, 2012 U.S. Dist. LEXIS 123889 (N.D. Cal., August 30, 2012).

Second, the methodology utilized by Mr. Wilcox in order to support the rate of $450.00 per hour for Mr. Schwinn in this action is flawed. He states that his research indicates that Mr. Schwinn's hourly rates are "below what courts in California have awarded." *See* Declaration of Ronald Wilcox, ¶1-17, P.6. The cases cited by Mr. Wilcox in order to support this assertion however, have nothing to do with FDCPA litigation or what an FDCPA attorney was ever awarded in this District.

The first case cited by Ronald Wilcox is *Lakin v. Linzer Prods. Corp*., 2013 U.S. Dist. LEXIS 58958 (C.D. Cal. Apr. 24, 2013). This is a case in which fees were awarded to an attorney in the Central District of California. Thus, any fees awarded are irrelevant as they are not within "the forum in which the district court sits." *See Barjon v. Dalton*, 132 F. 3d 496, 500 (9th Cir. 1997). Moreover, that case involved patent infringement, not an FDCPA violation. Thus, the rates awarded would be higher, due to the skill needed in order to handle such a case. *See In re Mgndichian*, 312 F. Supp.2d 1250 (C.D. Cal. 2003) (recognizing patent law to be a specialized field warranting higher rates).

The second case cited by Ronald Wilcox is *Minichino v. First Cal. Realty*, 2012 U.S. Dist. LEXIS 177524, 20-22 (N.D. Cal. Dec. 14, 2012). This case involved attorney's fees awarded after the prevailing party was successful on an anti-slapp motion. An anti-slapp motion involves a lot more work and litigation tactics than a non-complex FDCPA action. Thus, any rates for attorneys in that case, should have no relevance to the fees sought in this matter.

The third case cited by Ronald Wilcox is *Armstrong v. Brown*, 805 F. Supp. 2d 918 (N.D. Cal. 2011). This case involved an ADA action with multiple attorneys and parties.

Finally, the last case cited by Mr. Wilcox in support of his argument, is *Stonebrae, L.P. v. Toll Bros., Inc.*, U.S. Dist. LEXIS 39832, 2011 WL 1334444 (N.D. Cal. Apr. 7, 2011). This case involved a breach of contract claim, a tortious interference claim, twenty-six attorneys who defended the action, and three years of contested litigation. Given those circumstances, the attorney's fees awarded in that case would naturally be at a much higher rate, than the rate that Mr. Schwinn is currently requesting.

None of these cases cited by Mr. Wilcox are relevant to the rates awarded to attorneys in the Northern District who handle non-complex FDCPA cases, such as the one at hand. Thus, his "research" and methodology which support the rate of $450.00 for this particular type of

case is flawed, and his Declaration should be disregarded by this Court.

Based on the foregoing, Defendants request that the Declaration of Ronald Wilcox be stricken from the record as inadmissible hearsay.

Dated: March 25, 2014

MICHAEL & ASSOCIATES, PC

/s/ Lisa D. Dubowski
LISA D. DUBOWSKI,
Attorneys for Defendants