**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALBERT W. YOUNGER,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**MICHAEL & ASSOCIATES, P.C., LINA M. MICHAEL,**<br><br>    **Defendants.** | **Case Nos.:  13-cv-1679 YGR**<br>                      **13-cv-1680 YGR**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY FEES** |

### I.    INTRODUCTION

On April 12, 2013, plaintiff Albert W. Younger filed two virtually identical civil actions in this Court, alleging that defendants Michael & Associates PC and Lina M. Michael violated the federal Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") when they sent him two separate letters seeking to collect two purported American Express card debts. The parties ultimately settled both actions pursuant to Rule 68 offers made by defendants and the Court entered judgment against defendants and in favor of plaintiff in both actions on December 9, 2013.

Now before the Court is plaintiff's renewed motion for attorney fees. Having considered the record before it, the argument of the parties, and applicable law, the Court **GRANTS** plaintiff's motion nearly in its entirety, the one exception being a reduction of 0.1 hours that plaintiff's counsel billed for his review of a clerk's notice regarding his failure to e-file. Aside from the noted exception, the number of hours expended by plaintiff's counsel and the rate sought are reasonable.

## II. RELEVANT BACKGROUND

These cases stem from defendants allegedly having sent plaintiff two separate debt-collection letters regarding two separate consumer debts in envelopes whose plastic windows allegedly allowed plaintiff's personal information to be seen by anyone who handled one of the envelopes. This, plaintiff alleged, constituted a communication with third parties in connection with the collection of a consumer debt without plaintiff's prior consent or court permission, and violated both the FDCPA and the Rosenthal Act. Such violations, if they occurred, would entitle plaintiff to a statutory penalty. Case law, however, caps such penalties at $1,000 per statute per *case* (not per violation). *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006); *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1238-39 (C.D. Cal. 2007); *Marseglia v. JP Morgan Chase Bank*, 750 F. Supp. 2d 1171, 1180 (S.D. Cal. 2010). Plaintiff filed the two above-captioned cases separately, both of which ultimately were assigned to the undersigned and related thereby. Defendants moved for dismissal in both cases.

On August 21, 2013, with the motions to dismiss still pending, defendants made plaintiff identical Rule 68 offers of judgment in both cases.[1] (Dkt. No. 41-1 ("Dubowski Decl."), Ex. A.) Each offer contemplated:

> a judgment in favor of Plaintiff and against Defendants in the sum of $1,010.00 (one thousand and ten dollars), plus reasonable costs and attorney's fees accrued through August 21, 2013. Reasonable costs and attorney's fees are to be agreed upon by the parties, or if the parties are unable to agree, to be determined by the Court on application by Plaintiff **subject to the limitation that costs and attorney's fees are cut off as of August 21, 2013.**

///

---

[1] Federal Rule of Civil Procedure 68 "allows a defendant to serve upon a plaintiff a 'judgment on specified terms, with the costs then accrued.'" *Costa v. Nat'l Action Fin. Servs.*, CIV S-05-2084 FCDKJM, 2008 WL 1925235, at *2 (E.D. Cal. Apr. 30, 2008) (quoting Fed. R. Civ. P. 68(a)). "If a Rule 68 offer is rejected and 'the judgment that the [plaintiff] finally obtains is not more favorable than the unaccepted offer, the [plaintiff] must pay the costs incurred after the offer was made.'" *Id.* (citing Fed. R. Civ. P. 68(d) (alterations in original). "A plaintiff who rejects a Rule 68 offer and recovers less by prosecuting the case is not entitled to collect any post-offer attorney's fees if the relevant fee statute treats attorney's fees as part of 'costs.'" *Id.* (citing *Marek v. Chesny*, 473 U.S. 1, 8-9 (1985)). "However, where Congress defines costs and attorney's fees separately, attorney's fees are not necessarily subject to the cost-shifting provision of Rule 68." *Id.* The FDCPA and Rosenthal Act both define attorney fees and costs separately. *Id.*

2

(*Id.* (emphasis supplied).)  Plaintiff declined these offers and, thereafter, propounded discovery.  (*See id.*, Ex. B.)

On November 7, 2013, defendants made plaintiff a second set of Rule 68 offers.  (Dubowski Decl., Ex. D.)  The second offers were identical to the first, except that (1) they offered judgment in the amount of $1,001 dollars rather than $1,010, i.e., nine dollars less, and (2) they omitted any fee-cutoff date, whereas the first offers, if accepted, would have cut off fees from the day they were made.  (*Compare id.* Ex. A *with id.* Ex. D.)  Plaintiff accepted the second pair of Rule 68 offers and the Court entered judgment in favor of plaintiff and against defendants in both cases on December 9, 2013.

On December 24, 2013, plaintiff moved for an award of attorney fees.  (Dkt. No. 39.)  The Court denied that motion without prejudice because of the parties' failure to undertake the meet-and-confer process prescribed by Civil Local Rule 54-5.  (Dkt. No. 44.)  Counsel thereafter met and conferred, and, on March 12, 2014, plaintiff filed the instant motion, which is fully briefed.  (Dkt. Nos. 46 ("Motion"), 47 ("Opp'n"), 48 ("Reply").)  The Motion seeks fees under the FDCPA alone.  (*See* Motion at 7-13 (addressing only FDCPA standards).)

## III.    LEGAL STANDARD

The FDCPA provides that any debt collector who fails to comply with its provisions is liable "in the case of any successful action . . . [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3).  Thus, "the FDCPA's statutory language makes an award of fees mandatory." *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted).  Courts in the Ninth Circuit calculate an award of attorney's fees using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Id.*

A party seeking attorney's fees bears the burden of demonstrating that the rates requested are "in line with the 'prevailing market rate of the relevant community.'" *Carson v. Billings Police Dep't,* 470 F.3d 889, 891 (9th Cir. 2006).  Generally, "the relevant community is the forum in which the district court sits." *Camacho,* 523 F.3d at 979 (citing *Barjon v. Dalton,* 132 F.3d 496, 500 (9th Cir. 1997)).  Typically, "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees

3

in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.,* 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Camacho,* 523 F.3d at 980 (citing *Gates v. Deukmejian,* 987 F.2d 1392, 1397-98 (9th Cir. 1992)).

## IV. DISCUSSION

### A. PLAINTIFF'S FEE REQUEST

Because judgment entered in favor of plaintiff and against defendants, plaintiff is entitled to a mandatory award of fees. *Camacho,* 523 F.3d at 978. Plaintiff requests $18,054.70 in fees and costs. This amount represents: (a) 38.4 hours billed by plaintiff's counsel Fred Schwinn at the rate of $450.00 per hour, plus (b) $774.70 in costs.[2]

Plaintiff supports his request with (1) his own declaration and time records (Dkt. Nos. 46-1 (Schwinn decl.), 46-2 (time records)); (2) a purported "expert" declaration by attorney Ronald Wilcox attesting to the reasonableness of Schwinn's rate in light of market rates for attorneys performing similar work in the Bay Area (Dkt. No. 46-4 ("Wilcox Decl.")); and (3) a purported "expert" declaration by attorney Scott Maurer that covers substantially the same ground as the Wilcox Declaration (Dkt. No. 46-5 ("Maurer Decl.")). These sorts of declarations have been held by the Ninth Circuit to be "satisfactory evidence" of prevailing market rates. *United Steelworkers,* 896 F.2d at 407; *Camacho,* 523 F.3d at 980. Thus, Plaintiff's proffered declarations satisfy his initial

---

[2] Plaintiff seeks no fee for the time spent by a second attorney, Raeon Roulston. Roulston's involvement in the case, plaintiff represents, "was limited to meeting and conferring with" defense counsel pursuant to the Court's order to do so, and "updating Plaintiff's motion to reflect those meet and confer efforts." (Reply at 6.) Plaintiff represents that Roulston "no-charged" his time. (*Id.*)

4

burden of producing evidence demonstrating the reasonableness of his requested fee.[3]  The burden now shifts to defendants to submit "evidence . . . challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits."  *Camacho,* 523 F.3d at 980.

### B.  DEFENDANTS' CHALLENGES TO PLAINTIFF'S FEE REQUEST

Defendants raise two primary challenges to plaintiff's fee request.  First, they contend that Schwinn expended an unreasonable number of hours.  Second, they argue that his rate is too high.  The Court addresses the issues in order.

#### 1.  Number of Hours

Defendants' primary argument with respect to hours is that plaintiff should not be awarded fees for any time expended after August 21, 2013, the date of the first Rule 68 offer.  Defendants argue that plaintiff's counsel was unreasonable in continuing to litigate beyond that point because their Rule 68 offer would have provided plaintiff with $2,020, which defendants describe as "the full statutory damage allowance," plus reasonable attorney fees and costs accrued to that date.  (Opp'n at 5.)  Defendant contends that the work performed by plaintiff's counsel after rejecting defendants' first Rule 68 offer "had no value to the success of the litigation, since the discovery propounded was general in nature and the dispositive motions [to dismiss] were still pending with this Court."  (*Id.*)

When a party declines a Rule 68 offer of judgment and later seeks attorney fees as the prevailing party, the Court must determine whether the fee sought is reasonable in relation to the results obtained by judgment.  *Haworth v. State of Nev.*, 56 F.3d 1048, 1051-52 (9th Cir. 1995).  In determining whether the fee sought is reasonable, the Court must consider "the amount of the Rule 68 offer, the stage of the litigation at which the offer was made, what services were rendered thereafter, the amount obtained by judgment, . . . whether it was reasonable to continue litigating the case after the Rule 68 offer was made," and "such other factors as it deems appropriate in determining the amount of reasonable attorney fees to be awarded."  *Id.* at 1052-53.

///

---

[3] Defendants filed two separate documents styled as evidentiary objections to the Wilcox and Maurer declarations, respectively.  (Dkt. Nos. 47-3, 47-4.)  The Court **OVERRULES** defendants' objections.  Civil Local Rule 7-3(a) required them to submit any evidentiary objection within their opposition brief, but defendants improperly submitted their evidentiary objections as separate filings.

1    Here, having duly considered all the enumerated factors, the Court concludes that the amount
2 expended after defendants' first Rule 68 offer is reasonable.  Foremost among the factors considered
3 by the Court is the fact that defendant's first Rule 68 offer contained a fee-cutoff provision.
4 (Dubowski Decl., Ex. A.)  In the circumstances of this case, it was reasonable for plaintiff to decline
5 such an offer because it would have left him without the ability to apply to the Court for the fees
6 incurred in the process of moving for attorney fees, that is, so-called "fees-on-fees."  Federal courts
7 "have uniformly held that time spent in establishing the entitlement to and amount of the fee is
8 compensable."  *Camacho*, 523 F.3d at 981 (citation omitted).  "This is so because it would be
9 inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably
10 spent in establishing their rightful claim to the fee."  *Id.*  In this case, defendants' first Rule 68 offer
11 would have cut off plaintiff's right to seek fees-on-fees.  Nothing in the law required plaintiff to
12 accept that diminution of his rights, nor did any circumstance apparent in this case make it
13 unreasonable for him to do so.  The tasks undertaken by plaintiff's counsel following rejection of the
14 first Rule 68 offer were normal activities of litigation: reviewing notices from the Court,
15 communicating with his client, drafting joint statements with opposing counsel, making initial
16 disclosures and propounding a first set of written interrogatories, reviewing defendants' initial
17 disclosures and responses to discovery, and preparing for mediation.  Defendants argue that plaintiff
18 should have agreed to stay discovery given the pendency of defendants' motions to dismiss, but
19 plaintiff's refusal to do so was not unreasonable.  Plaintiff was not required to assume that he would
20 lose those motions.  The Court rejects defendants' challenge to the hours spent after the first Rule 68
21 offer of judgment.

22    Defendants also fault plaintiff for spending too much time on a variety of tasks.  Specifically,
23 defendants say that plaintiff should have spent: no more than 2 hours drafting the complaints in these
24 cases, rather than the 4 hours billed; 50 percent less time drafting opposition briefs and discovery
25 requests; less than the 0.1 hours charged for reviewing and responding to notices sent from the
26 Court; and no more than 10 minutes each for two phone calls with his client, one to discuss ADR
27 options and one to discuss whether to accept defendants' August 2013 Rule 68 offer, for which
28 phone calls counsel billed 30 minutes each.  The Court rejects Defendants' assertions, as they are

6

unsupported by evidence. *See Camacho*, 523 F.3d at 980.  Nothing before the Court suggests that the tasks undertaken by plaintiff's counsel were unnecessarily duplicative or otherwise unreasonable.  Rather, the Court perceives that plaintiff's counsel did no more than engage in routine tasks necessary to the competent prosecution of a federal lawsuit.  Further, the Court is mindful "that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" and that, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  Defendants supply no persuasive or principled reason to reduce plaintiff's fee on the basis of unnecessary duplication.  Further, to the extent that defendants suggest that plaintiff was unreasonable in billing time in increments of a tenth of an hour (i.e., six minutes) for tasks that may not have taken the full six minutes, the Court rejects the argument.  Billing in such increments, or others, is a standard practice.  Further, as plaintiff points out (Reply at 13), regardless of the size of the fraction that an attorney selects for billing, certain tasks will always trigger the minimum billable amount, even if they do not fill the entire unit of time.  Defendants fail to establish that the tenth-of-an-hour standard is anything other than a common and reasonable measure.

Defendants do, however, show good cause for reducing plaintiff's billable hours by 0.1 hour, which counsel billed for time spent reviewing a notice from the Clerk of this Court concerning his failure to file documents electronically.  "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotation marks omitted).  Lawyers may not charge clients for hours spent correcting counsel's mistakes. *See, e.g.*, *Craigslist, Inc. v. Doe 1*, C09-4739 SI BZ, 2011 WL 1897423, at *7 n.11 (N.D. Cal. Apr. 25, 2011) report and recommendation adopted sub nom. *Craigslist, Inc. v. Meyer*, C 09-4739 SI, 2011 WL 1884555 (N.D. Cal. May 18, 2011); *Castro-Vega v. Waible*, CIV. 07-675-ST, 2008 WL 2704457, at *4 (D. Or. July 1, 2008).

Here, plaintiff's counsel billed 0.1 hours reviewing a notice from the Clerk regarding his failure to e-file documents, as required by this Court's Local Rules.  (Dkt. No. 46-2 at 2 of 14.)  Failure to comply with local rules is manifestly a mistake, and reviewing the Clerk's notice of that

7

mistake is manifestly part and parcel of correcting it.  Accordingly, the Court reduces plaintiff's compensable hours by 0.1, that is, from 38.4 to 38.3 hours.  No other reductions are warranted.[4]

### 2. Rate

In assessing applications for attorney's fees, the reasonable hourly rates are to be calculated according to the prevailing market rates in the relevant legal community.  *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Ingram v. Oroudjian,* 647 F.3d 925, 928 (9th Cir. 2011).  The "relevant legal community" is the forum district and the "prevailing market rate" is the local hourly rate for similar work.  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013); *see also Gates v. Rowland,* 39 F.3d 1439, 1449 (9th Cir. 1994); *Deukmejian,* 987 F.2d at 1405.  The applicant bears an initial burden to produce satisfactory evidence that the requested rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum,* 465 U.S. at 895 n.11; *see also Gonzalez*, 729 F.3d at 1206.  Affidavits or declarations submitted by plaintiff's and other counsel concerning "prevailing fees in the community[] and rate determinations in other cases" constitute "satisfactory evidence of the prevailing market rate."  *Camacho,* 523 F.3d at 978 (quoting *United Steelworkers,* 896 F.2d at 407).  The party opposing the application bears the burden of rebutting the applicant's evidence.  *Id.*

Here, plaintiffs offer declarations from plaintiff's counsel, Schwinn, as well as from third-party attorneys Wilcox and Maurer.  Additionally, after the close of briefing, plaintiff submitted, as permitted by Civil Local Rule 7-3(d)(2), two Statements of Recent Decision, bringing to the Court's attention three cases decided in the last month wherein judges of this District awarded Schwinn $450 per hour in debt collection cases.  (Dkt. Nos. 49, 50.)[5]  These recent decisions are permissible

---

[4] Defendants challenge plaintiff's request for $774.70 in costs, apparently on the understanding that plaintiff seeks to double-bill those costs, which are already incorporated in the Judgments entered by the Court.  Plaintiff explains that he is not seeking more than $774.70 in costs.  The Court finds that amount supported by the record and grants plaintiff's request for a total of $774.70 in costs, inclusive of any costs already awarded.

[5] The three cases are: *De Amaral v. Goldsmith & Hull*, 12-CV-03580-WHO, 2014 WL 1309954 (N.D. Cal. Apr. 1, 2014); *Brown v. Mandarich Law Grp., LLP*, 13-CV-04703-JSC, 2014 WL 1340211 (N.D. Cal. Apr. 2, 2014); *Tsoi v. Patenaude & Felix*, C 13-143 SI, 2014 WL 1477521 (N.D. Cal. Apr. 15, 2014).  The *Brown* Court, in particular, undertook an exceedingly detailed analysis of Schwinn's requested rate.

8

(though not necessarily dispositive) evidence of Schwinn's rate. *See Gonzalez*, 729 F.3d at 1207. In response, defendants offer the declaration of their own attorney, who declares that attorneys at her firm, who "regularly represent creditors in collection cases[,] . . . never exceeds $300.00 per hour." (Dubowski Decl. ¶ 11.)

Weighing the evidence, the Court determines that plaintiff is entitled to the rate his counsel billed, $450 per hour. Plaintiff's evidentiary showing suffers from certain defects[6] but on the whole demonstrates that Schwinn's rate of $450 has been readily accepted in this District. Defendants' responsive evidence establishes nothing more than that some attorneys on the creditor side, rather than, as in Schwinn's case, the debtor side, of debt-collection actions charge no more than $300 per hour. The rate charged by defense attorneys whose pay is certain is a distinct issue from that of the rate billed by counsel working on contingency. Defendants' evidence does not rebut the showing made by plaintiff and thus supplies no reason for a reduction to the claimed fee. The Court finds that $450 per hour is in line with the range of reasonable market rates charged by attorneys in this District for comparable work, and awards plaintiff that amount. Multiplying that rate by plaintiff's counsel's 38.3 compensable hours yields a lodestar of $17,235.00.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** plaintiff's motion for attorney fees and **AWARDS** plaintiff fees in the amount of $17,235.00 and costs in the amount of $774.70 to the extent not already awarded by the Clerk of the Court.

This Order terminates Docket No. 39.

**IT IS SO ORDERED.**

Dated: April 30, 2014

                                    **YVONNE GONZALEZ ROGERS**
                                    **UNITED STATES DISTRICT COURT JUDGE**

---

[6] The Wilcox and Maurer declarations, in seeking to show the reasonable rate for attorneys in debt-collection cases in this district, both cite out-of-district cases and cases which do not appear to be debt-collection cases. Accordingly, the Court gives them little weight.

United States District Court
Northern District of California